IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARK T. STINSON, SR.,

    Plaintiff,

v.                                                          Case No. 2:25-cv-2227-MSN-tmp

NATIONSTAR MORTGAGE d/b/a
MR. COOPER, D. MICHAEL
DUNAVANT, BARBARA M. ZOCOLLO,
TOM LEATHERWOOD, BRET J.
CHANESS, IGOR Y. STEPHENS,
PATTY WHITEHEAD, and RUBIN
LUBLIN TN, PLLC,

    Defendants.

---

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

---

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 17, "Report"), entered May 5, 2025. The Report recommends dismissing Plaintiff Mark T. Stinson Sr.'s Complaint (ECF No. 1) without prejudice for failure to pay the filing fee or file an application to proceed *in forma pauperis* despite opportunities to do so. Plaintiff, proceeding *pro se*, asserts that he is entitled to proceed without prepayment of fees based on his status as a veteran. (ECF Nos. 3, 12, & 18.) On May 9, 2025, Plaintiff filed Objections to the Report (ECF No. 18).

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989));

*see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

Plaintiff's Objections fail to specifically identify any legal or factual error in the Chief Magistrate Judge's Report. Instead, Plaintiff's objections largely reassert arguments already considered and rejected by the Chief Magistrate Judge. (*See* ECF No. 3; *see also* ECF No. 12 at PageID 9–12). Plaintiff has not shown any error in the Chief Magistrate Judge's conclusion that his failure to pay the filing fee or file a complete *in forma pauperis* application warrants dismissal.

In his Objections, Plaintiff argues that he should be permitted to proceed without prepayment of fees based on his status as a veteran and cites various authorities, including 38 U.S.C. § 7261(a)(1), *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), and other cases. However, none of these authorities support Plaintiff's argument. The statute, 38 U.S.C. § 7261(a)(1), governs judicial review of decisions by the Court of Appeals for Veterans Claims, not federal district courts, and does not provide an exemption from paying court fees. *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), addresses the standard for reopening veterans' benefits claims and has no bearing on fee waivers in federal district court litigation. Other authorities cited by Plaintiff concern appellate procedure or veterans' rights but do not establish a general right to proceed without fees in this Court.

The United States Court of Appeals for the Eleventh Circuit rejected Plaintiff's argument in *In re Stinson*, No. 25-10190, 2025 U.S. App. LEXIS 6011, at *3 (11th Cir. Mar. 13, 2025). The Eleventh Circuit held that the statutes Plaintiff relies upon apply solely to the United States Court of Appeals for Veterans Claims, and appeals from that court proceed to the Court of Appeals for the Federal Circuit. *Stinson*, 2025 U.S. App. LEXIS 6011, at *3. The court further emphasized that the Supreme Court Rules cited by Plaintiff govern only litigation before the Supreme Court. *Id.* Thus, the Eleventh Circuit found that the rules and statutes Plaintiff cites are inapplicable. *Id.*

Plaintiff's veteran status does not automatically entitle him to fee exemptions in this District Court.

Plaintiff was clearly informed of this standard in prior proceedings and was expressly warned by the Chief Magistrate Judge as follows:

> The court hereby ORDERS Stinson to either file a completed IFP application or pay the $405 filing fee within thirty days of the entry of this order. If Stinson fails to comply, the case will be dismissed without further notice.

(ECF No. 11 at PageID 4–5.)

Despite the clear warning, Plaintiff did not comply. Further, the Supreme Court has also found that Stinson "has repeatedly abused [the Supreme Court's] process," directing the Clerk not to accept petitions in any non-criminal matters unless he has paid the required filing fees. *In re Mark T. Stinson*, 144 S. Ct. 268, 217 L. Ed. 2d 120 (Mem) (2023).

The Court has reviewed the Report and finds it to be well-reasoned and supported by the record. Plaintiff's objections offer no new legal basis for reconsideration, nor do they demonstrate any error in the Report's analysis.

For the reasons stated above, Plaintiff's Objections (ECF No. 18) are **OVERRULED**. The Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation (ECF No. 17) in its entirety. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of June, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE